IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

            v.                                     20-CR-6002

JAMES SMALLEY,

                  Defendant.

_____

## PLEA AGREEMENT

      The defendant, JAMES SMALLEY, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.     THE PLEA AND POSSIBLE SENTENCE

      1.     The defendant agrees to waive indictment and plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Section 38(a)(1)(C) (fraud involving space vehicle parts), for which the maximum possible sentence is a term of imprisonment of 15 years, a fine of $500,000, a mandatory $100 special assessment and a term of supervised release of 5 years.

      2.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 3 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant

is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximums set forth in Paragraph 1 of this agreement.

## II.    ELEMENTS AND FACTUAL BASIS

3.    The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

    a.    The defendant knowingly made or used a false writing, entry, certification, document, or record concerning a space vehicle part;

    b.    The false writing, entry, certification, document, or record was material and was made with the intent to defraud; and

    c.    The defendant made the false writing, entry, certification, document, or record in or affecting interstate commerce.

## FACTUAL BASIS

4.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

    a.    At all times relevant, PMI Industries, LLC ("PMI") was located in Rochester, Western District of New York.   PMI is an aerospace precision machining company that is routinely engaged in custom mold building, precision machining and plastic injection molding.   PMI served the aerospace market as well as other commercial markets.

    b.    At all times relevant, Space Exploration Technologies Corporation ("SpaceX") is located in Hawthorne, California.   SpaceX is a private American aerospace company that designs, manufactures and launches advanced rockets and spacecraft.

2

c.   In or about 2017, PMI was engaged in a contract with SpaceX to manufacture structural precision parts for SpaceX's rocket program. Specifically, PMI took raw metal such as aluminum and steel, and based upon specifications provided by SpaceX, manufactured the space vehicle parts, which included the "nose cone faring."

d.   As part of the PMI/SpaceX contract, space vehicle parts and processes were required to be reviewed by a third-party auditor. The third-party inspector was responsible for physically examining each space vehicle part manufactured by PMI prior to those parts being shipped to SpaceX. The third-party's "source inspection reports" certified that all parts produced by PMI met SpaceX's quality control standards.

e.   As it related to the PMI/SpaceX contract, the third-party inspections were being performed by SQA Services, Inc. ("SQA"). SQA is located in Rolling Hills and Hawthorne, California. SpaceX sub-contracts with SQA to provide multiple quality assurance functions.

f.   On or about March 16, 2017, PMI hired the defendant as a Quality Assurance Officer to oversee quality control operations and act as a document control manager. The defendant's duties further included overseeing the third-party audits and final inspections.

g.   During an internal audit, SpaceX officials found a non-conforming part manufactured by PMI that was referred for further review to SQA. SQA's review of the related source inspection reports revealed that the signature and quality control stamp of an SQA inspector had actually been forged on the source inspection report. SQA had not, in fact, produced a source inspection report for the space vehicle part manufactured by PMI.

h.   SpaceX later identified 38 instances of falsified source inspection reports and five instances of falsified non-destructive ("NDT") certifications on numerous space vehicle parts that had been received from PMI.

i.   The defendant admits and agrees that he knowingly falsified the source inspection reports by forging the names and/or stamps of at least three SQA employees without their knowledge or permission. The defendant does not contest the results of the SpaceX investigation, which revealed that the defendant falsified at least 38 source inspection reports,

3

resulting in the shipping of numerous uninspected or nonconforming parts to SpaceX.   These parts affected interstate commerce in that they were shipped in interstate commerce from the Western District of New York to SpaceX in Florida.

j.      The defendant does not dispute that the loss to SpaceX resulting from the costs associated with the space vehicle parts that SpaceX had paid for, but could not use, is approximately $126,813.27.

## III.    SENTENCING GUIDELINES

5.      The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.      The government and the defendant agree that Guidelines § 2B1.1(b) provides' for a base offense level of 6.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.      The government and defendant agree that the following specific offense characteristic does apply:

a.      § 2B1.1(b)(1)(F):  the total loss (including relevant conduct) was more than $95,000 (namely, approximately $126,813.27), and thus there is a 8 offense level increase.

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

8.      The government and the defendant agree that the following adjustment to the base offense level does apply:

a.      The two (2) level downward adjustment of Guidelines § 3B1.3 (abuse of trust).

## ADJUSTED OFFENSE LEVEL

9.      Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 16.

## ACCEPTANCE OF RESPONSIBILITY

10.      At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 13.

## CRIMINAL HISTORY CATEGORY

11.      It is the understanding of the government and the defendant that the defendant's criminal history category is I.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12.     It is the understanding of the government and the defendant that with a total offense level of 13 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **12 to 18 months, a fine of $5,500 to $55,000, and a period of supervised release of 1 to 3 years.**  Notwithstanding the above, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in Paragraph 1 of this agreement.

13.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range advocated by each party as set forth above.   The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range.   This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

14.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.     STATUTE OF LIMITATIONS

15.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further

agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time-barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   GOVERNMENT RIGHTS AND RESERVATIONS

16.   The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.   advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and a fine and the method of payment;

d.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.   oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

7

## VI.   RESTITUTION AND FINANCIAL PENALTY PROVISIONS

17.    The defendant understands, and the parties agree, that the Court must require restitution in the amount of $126,813.27 to be paid to PMI Industries, LLC and/or Space X as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A.   The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

18.    The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.   The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing.   The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information.   The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure.   The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the United States Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the United States Attorney's Office.   The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that

may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

19.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

20.     The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and subject to immediate enforcement by the United States. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

21.     The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

22.     To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

23.     The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States Sentencing Guidelines §3E1.1.

## VII.   APPEAL RIGHTS

24.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶12, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.  The defendant further agrees not to appeal a restitution order that equals or is less than $126,813.27.

25.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the

future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

26.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶12, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS

27.     This plea agreement represents the total agreement between the defendant, JAMES SMALLEY, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:     _____
RICHARD A. RESNICK
Assistant United States Attorney
United States Attorney's Office
100 State Street, Room 500
Rochester, New York 14614
richard.resnick@usdoj.gov
585-399-3941

Dated:  February 5, 2020

11

I have read this agreement, which consists of pages 1 through 12. I have had a full opportunity to discuss this agreement with my attorney, Sonya A. Zoghlin, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.


_____
JAMES SMALLEY
Defendant

Dated: February 5, 2020


_____
SONYA A. ZOGHLIN, ESQ.
Attorney for the Defendant

Dated: February 5, 2020